# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 9, 2016

## STATE OF TENNESSEE v. GARY WAYNE GARRETT

**Appeal from the Criminal Court for Davidson County**
**No. 86-W-107     Steve R. Dozier, Judge**

_____

**No. M2015-01390-CCA-R3-CD – Filed March 23, 2016**

_____

The defendant, Gary Wayne Garrett, is serving an effective sentence of 119 years, following his convictions in 1986 for sixteen felonies. Pursuant to Tennessee Rule of Criminal Procedure 36.1, the defendant filed a motion to correct what he views as sentences which are illegal because the trial court failed to award proper jail credits, and the court then entered an order providing the defendant with jail credits from October 31, 1985, until October 10, 1986. The defendant appealed, arguing that he was entitled to additional credits, and we note that the State did not appeal the awarding of these credits. We conclude that the defendant has failed to present a colorable claim for relief in asking for additional credits, pursuant to Rule 36.1, and affirm the order of the court awarding only these credits.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Gary Wayne Garrett, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Andrew C. Coulam, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In his initial motion, the defendant asserted that his sentences are illegal because the trial court did not award him the jail credits to which he was entitled and, further, that they are illegal, as well, "based on failure of the indictment to provide constitutionally

adequate notice, as well as contravene the statute in Tenn. Code Ann. § 39-6-1710." As we will explain, his claims are without merit.

## ANALYSIS

Fatal to the defendant's analysis that his sentences are illegal because he was not awarded jail credits is the recent decision to the contrary of our supreme court in State v. Adrian R. Brown, --- S.W.3d ---, No. E2014-00673-SC-R11-CD, 2015 WL 7748275 (Tenn. Dec. 2, 2015), where an inmate had made an identical complaint, which the court concluded was not a colorable claim:

> Although pretrial jail credits allow a defendant to receive credit against his *sentence* for time already served, awarding or not awarding pretrial jail credits does not alter the *sentence* in any way, although it may affect the length of time a defendant is incarcerated. A trial court's failure to award pretrial jail credits may certainly be raised as error on appeal . . . . But a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1. See [State v. James D.] Wooden, --- S.W.3d --- [, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. Dec. 2, 2015)] (defining colorable claim as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1").

Accordingly, as to additional jail credits, the defendant has failed to present a colorable claim.

He also argues, as best we understand, that Count 18 of the indictment was defective because it did not "name the underlying felony" and because "the indictment fail[ed] to include an essential element of the offense." This claim misquotes the indictment, which alleged that the defendant "did attempt to commit a felony, to wit: burglary," which it further described as being "in the night time." We note that, in seeking habeas corpus relief in 2011, the defendant apparently made this same allegation, unsuccessfully, as to most, if not all, counts of his indictment. Additionally, he then singled out Count 18 to allege that the sentence imposed was not within the allowed range of punishment. However, this court determined otherwise. Gary Wayne Garrett v. Cherry Lindamood, Warden, No. M2010-02662-CCA-R3-HC, 2011 WL 6742704, at *3 (Tenn. Crim. App. Dec. 21, 2011), perm. app. denied (Tenn. June 20, 2012). Thus, this complaint both is contrary to the clear language of Count 18 and, apparently, has been previously determined against the defendant. This allegation, also, does not present a colorable claim for relief.

2

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE